RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121

05 CV 5322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

AUSTIN W. LOBBE, Jr. :

Plaintiff, :

-against- :

SCARSDALE FORD, Inc. :

Defendant. :

---------------------------------------X

ECF CASE

**COMPLAINT**

FILED
U.S. DISTRICT COURT
2005 JUN -6 AM 10:28
S.D. OF N.Y.

Plaintiff, AUSTIN W. LOBBE, Jr., by his attorney, Raymond Nardo, Esq., complaining of the defendant, alleges as follows:

JURISDICTION AND VENUE

1. This action arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et. seq. (ADEA), and the Fair Labor Standards Act, 29 U.S.C. Section 216 et. seq., and Americans with Disabilities Act, 42 U.S.C. Section 12101 et. seq.

2. This Court has jurisdiction under 28 U.S.C. Sec. 1331, 29 U.S.C. Section 216 (b) and 29 U.S.C. Section 626(c)(1).

3. Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendant corporation conducts business there and the cause of action occurred there.

4. This Court has jurisdiction for plaintiff's supplemental claims under the New York State Human Rights Law pursuant to 28 U.S.C. Section 1367.

THE PARTIES

5. Plaintiff is a disabled male, born February 3, 1951, who worked for the defendant.

6. At all relevant times herein, plaintiff resides at 1001 Spur Drive North, Bayshore, NY 11706.

7. Defendant Scarsdale Ford, Inc. ("Scarsdale Ford") is a corporation duly licensed to conduct business in the State of New York. It conducts business and is headquartered in the State of New York at 887 Central Avenue, Scarsdale, NY, which is located in the Southern District of New York.

8. Upon information and belief, subject to discovery, the defendant employs 20 or more employees, engages in an industry affecting interest commerce, and is an "employer" under the ADEA.

9. Upon information and belief, subject to discovery, the Club employs 15 or more employees and is en "employer" under the Americans with Disabilities Act.

10. Upon information and belief, subject to discovery, the Club employs 4 or more employees and is an "employer" under the New York State Human Rights Law.

ADMINISTRATIVE PREREQUISITES

11. On or about September 6, 2004, plaintiff filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging the defendant with discriminating on the basis of plaintiff's disability, age, and in retaliation for complaining of discrimination.

12. Said charge was filed within 300 days of the unlawful and discriminatory employment practice.

13. On March 22, 2005, the EEOC issued a finding of "probable cause" that discrimination had occurred on the basis of plaintiff's disability and age.

14. On April 1, 2005, plaintiff received the Notice of Right to Sue Letter.

15. Plaintiff commenced this action within 90 days of the date he received the Notice of Right to Sue Letter.

COUNT I.

16. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

17. Plaintiff began working for defendant on or about December 10, 1992 as a counterperson.

18. Plaintiff's title was "Assistant Parts Manager" so that the employer could evade union obligations.

19. At all times herein, plaintiff performed his duties satisfactorily.

20. On or about April 25, 2003, plaintiff injured himself at work, which aggravated his previous condition of arthritis in his knees.

21. Plaintiff filed for Workers compensation.

22. Plaintiff's arthritis constitutes an impairment which substantially limited his ability to stand for extended periods of time, walk for extended periods of time, and perform manual tasks.

23. Plaintiff's arthritis constitutes a disability under the ADA.

24. Defendant regarded plaintiff as disabled under the ADA.

25. Plaintiff had a record of being disabled under the ADA.

26. On or about November 2001, Paul Havelin was terminated as Parts Manager.

27. At that time, plaintiff stated that if Al Couto were not elevated to the position of Manager, plaintiff would accept a promotion rather than hiring a Manager from outside the company.

28. The promotion never occurred, as defendant hired Al Couto as Parts Manager.

29. On June 25, 2004, defendant terminated plaintiff because of his age and disability, perceived disability, and record of a disability.

30. Defendant also terminated Leonard Peselnick, who was the only other employee over the age of 40 in the Parts Department.

31. On or about April 2005, defendant promoted Danny Varvika to the position of Parts Manager.

32. This created a vacancy for the position of Counterperson, which defendant advertised for.

LAW OFFICE OF
RAYMOND NARDO

33. Plaintiff applied for this vacancy by informing Frank Conway that he was interested in the position.

34. At all times herein, plaintiff was qualified to perform the duties of this position.

35. Frank Conway informed plaintiff that owners Marvin Suskind and Robert Knapp refused to rehire him and would not grant plaintiff an interview.

36. Defendant refused to hire plaintiff for a position which he was qualified to perform because plaintiff complained of discrimination.

37. Instead, defendant hired a younger, non-disabled person for the vacant position.

38. Defendant terminated plaintiff on the basis of his age in violation of the ADEA.

39. Defendant's termination of plaintiff was intentional and willful under the ADEA.

COUNT II.

40. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

41. Defendant terminated plaintiff on the basis of his disability, perceived disability, and record of a disability in violation of the ADA.

42. Defendant's termination of plaintiff was with malice and reckless disregard of the law.

COUNT III.

43. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

44. Defendant terminated plaintiff on the basis of his age, in violation of the New York State Human Rights Law.

COUNT IV.

45. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

46. Defendant terminated plaintiff on the basis of his disability, in violation of the New York State Human Rights Law.

COUNT V.

47. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

48. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because of plaintiff's age, in violation of the ADEA.

COUNT VI.

49. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

50. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because of plaintiff's disability, in violation of the ADA.

COUNT VII.

51. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

52. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because plaintiff complained of discrimination. This constitutes retaliation under the ADEA.

COUNT VIII.

53. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

54. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because plaintiff complained of discrimination. This constitutes retaliation under the ADA.

COUNT IX.

55. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

56. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because of plaintiff's age, disability, in violation of the New York State Human Rights Law.

COUNT X.

57. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

58. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because of plaintiff's disability, in violation of the New York State Human Rights Law.

COUNT XI.

59. Plaintiff repeats and reincorporates each and every factual allegation as though fully set forth herein.

60. Defendant refused to rehire plaintiff, although plaintiff was duly qualified to re-assume his duties at that time, because plaintiff complained of discrimination, in violation of the New York State Human Rights Law.

JURY DEMAND

61. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

(a) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and liquidated damages (29 U.S.C. Section 626(b)) for defendants' willful unlawful termination of the plaintiff, in violation of the ADEA, as set forth in the First Count;

(b) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and punitive and compensatory damages for defendant's willful unlawful termination of the plaintiff, in violation of the ADA, as set forth in the Second Count;

(c) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendant's willful unlawful termination of the plaintiff, in violation of the NYSHRL on the basis of age, as set forth in the Third Count;

(d) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendant's willful unlawful termination of the plaintiff, in violation of the NYSHRL on the basis of

disability, as set forth in the Fourth Count;

(e) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and liquidated damages (29 U.S.C. Section 626(b)) for defendants' refusal to hire the plaintiff, in violation of the ADEA, as set forth in the Fifth Count;

(f) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and punitive and compensatory damages for defendant's willful unlawful refusal to hire the plaintiff, in violation of the ADA, as set forth in the Sixth Count

(g) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and liquidated damages (29 U.S.C. Section 626(b)) for defendants' refusal to hire the plaintiff in retaliation for his claim of discrimination, in violation of the ADEA, as set forth in the Seventh Count;

(h) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and punitive and compensatory damages for defendant's willful unlawful refusal to hire the plaintiff in retaliation for his claim of discrimination, in violation of the ADA, as set forth in the Eighth Count;

(i) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendant's willful unlawful refusal to hire the plaintiff because of his age, in violation of the NYSHRL as set forth in the Ninth Count.

(j) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendant's willful unlawful refusal to hire the plaintiff because of his disability, in violation of the NYSHRL as set forth in the Tenth Count.

(k) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendant's willful unlawful refusal to hire the plaintiff because he complained of discrimination, in violation of the NYSHRL as set forth in the Eleventh Count.

(l) That this court reinstate the plaintiff to his former position or a substantially similar one;

(m) That this court award the plaintiff counsel fees, disbursements, and costs pursuant to 29 U.S.C. Section 216(b) and 42 U.S.C. Section 1988;

(n) That this court award the plaintiff such other and further relief as may be just and equitable.

Dated: Mineola, New York
May 19, 2005

Yours, etc.,

Raymond Nardo (4773)
Attorney for Plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121